George Clapp

v.

Joel Bullard.

*Instructions—How far Controlled by Contract—Witnesses—Instruction to Disregard Testimony—Contract for Building—Certificate of Architect.*

1. In an action to recover a balance alleged to be due for contract work in and about the erection of a building, it is *held*: That an instruction, to the effect that certain payments were conclusive against the defendant and that material furnished and work done were in pursuance of the contract, was erroneous, being contrary to the express terms thereof; and that the contract, as between the parties, is the law on the question involved.

2. It is improper to direct the jury, if they believe that any witness has wilfully sworn falsely as to a material fact, to disregard his testimony, the correct instruction being that they may do so.

[Opinion filed August 3, 1887.]

Appeal from the Circuit Court of Cook County; the Hon. John G. Rogers, Judge, presiding.

Mr. W. A. Sheridan, for appellant.

Messrs. G. W. & J. T. Kretzinger, for appellee.

Moran, J.   This action was brought by appellee to recover

a balance alleged to be due to him for certain contract work and certain extra work done by him in and about the erection of a building for appellant. Appellee did not obtain a final certificate from the architect under whose supervision the work was, by the terms of the contract to be performed, and by whom it was to be accepted when completed, but appellee claimed and alleged that said certificate was unjustly and fraudulently refused by the architect. There is considerable conflict in the evidence as to certain changes alleged to have been made in the work contracted for, and as to extra work done and the value thereof, and as to the manner in which portions of it was done and accepted by the architect or appellant, from time to time, as said portions of the work were completed. Numerous exceptions were taken by appellants upon the trial to the admission and rejection of evidence by the court, and to the giving, refusing or modifying of instructions. We are of opinion, after a careful examination of the record that, save as to the giving of two instructions hereafter to be noticed, there is no material error in the record and that appellant's points against the ruling of the court, except as to said two instructions, are not well taken.

The court gave to the jury two instructions at the request of appellee, both of which are palpably erroneous, and one at least of which could not be other than prejudicial to the appellant. Sec. 9 of the written contract under which the work was done and which was declared on, in the action, provides: "That all payments made on the work during its progress on account of this contract or for any extra work shall in no case be construed as an acceptance of the work executed; but the contractor shall be liable to all the conditions of the contract until the work is finished and a final certificate given by the superintendent."

Instruction No. 11, given by the court for the plaintiff, was as follows: "The court further instructs the jury that the certificates given by the architect to the plaintiff for payment by defendant, is conclusive evidence as against the defendant and in favor of the plaintiff, that so much of the material furnished and work done under the contract as originally made, covered and

paid for by said certificates, were so furnished and done pursuant to the terms of the contract." This instruction directly contravenes the terms of the contract, which, as between the parties, is the law on the point on which the instruction was given. It needs no argument to demonstrate that the instruction as given was prejudicial error.

The twelfth instruction was: " The court instructs the jury that if they believe that any witness testifying in this cause has wilfully sworn falsely as to a material matter in the case, they will disregard the testimony of such witness or witnesses, except in so far as corroborated by other credible testimony offered in the case."

The court erred in directing the jury to disregard the testimony of such witness. The rule is that the jury are at liberty to do so if they see fit and the correct instruction is that the jury may do so.

For the errors indicated the judgment must be reversed and the case remanded.